IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 2, 2018

**STATE OF TENNESSEE v. MICHAEL WAYNE PARSONS**

**Appeal from the Circuit Court for Tipton County**
**No. 9058      Joe H. Walker, III, Judge**

_____

**No. W2018-00144-CCA-R3-CD**

_____

The Defendant, Michael Wayne Parsons, was convicted by a Tipton County jury of felony failure to appear, a Class E felony, and was sentenced by the trial court as a Range II, multiple offender to three years in the Department of Correction. On appeal, he argues: (1) that he is entitled to diplomatic immunity from prosecution because he is an ambassador of the "Tsilhqot'in Nation, Country of Chilcotin" and (2) that the indictment was insufficient to confer jurisdiction over his person because it lists his name in all capital letters, which denotes a corporation rather than a "live man." Because the notice of appeal was untimely, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and NORMA MCGEE OGLE, J., joined.

David S. Stockton, (on appeal), Covington, Tennessee, and Michael Wayne Parsons, (at trial), Pro Se, for the appellant, Michael Wayne Parsons.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Mark E. Davidson, District Attorney General; and Walter Freeland, Jr. and Jason Poyner, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

This case arises out of the Defendant's failure to appear for his January 10, 2017 trial in Tipton County Circuit Court in Docket Number 8627.[1] A capias for the Defendant's arrest was issued that same day. The Defendant was later located at an air field in Arapahoe, Nebraska. On January 13, 2017, the Tipton County Sheriff's Department filed a detainer with the local Nebraska sheriff's department to hold the Defendant pending his extradition to Tennessee. On March 7, 2017, the Tipton County Grand Jury returned an indictment charging the Defendant with felony failure to appear. The Defendant was returned to Tipton County on March 28, 2017 and represented himself at the March 30, 2017 arraignment and at a May 10, 2017 status hearing. The trial court appointed counsel to represent the Defendant on May 17, 2017. However, because the Defendant refused to work with counsel, the trial court relieved counsel from representation but ordered him to remain in an advisory position.

The State presented three witnesses at the Defendant's July 31-August 1, 2017 trial: Tipton County Circuit Court Clerk Mike Forbess; Penny Goracke, an employee of the company that provided and serviced the monitoring device that had been a condition of the Defendant's release on bond; and Lieutenant John Weatherly of the Tipton County Sheriff's Department, who filed the detainer with the Nebraska sheriff's department.

Mr. Forbess identified a number of different documents that were admitted as exhibits and published to the jury, including: the trial court's November 7, 2016 order setting December 5, 2016, for a hearing on any pretrial matters and noting that the trial was set for January 10, 2017; the trial court's December 5, 2016 order noting that the Defendant had failed to appear for the December 5 court date and reiterating that the trial was set for January 10, 2017; and the Defendant's January 9, 2017 "4th Notice," which began with the following language: "Please take NOTICE again for the 4th time in writing and more times in the court record, that I am Michael Wayne Parsons[,] the live man. I am not MICHAEL PARSONS whom you have sent another letter signed by you on December 5th, 2016."[2]

The Defendant cross-examined Mr. Forbess on a number of different topics, including whether the State of Tennessee was a corporation, whether the Defendant had ever signed a contract with the State of Tennessee agreeing to appear in court on January 10, whether the Defendant's name as written in all capital letters on the indictment

---

[1] The Defendant insisted that an unredacted version of his capias be admitted as an exhibit so that the jury could see that he was arrested on two charges: felony failure to appear and possession of a weapon by a convicted felon.

[2] The "Notice" went on in a similar vein for several pages and is similar to numerous other frivolous motions filed by the Defendant in the months preceding his trial.

denoted a corporate entity, and whether Mr. Forbess was familiar with the "US printing style manual" or a "cestui que trust."

Ms. Goracke described the Global Positioning System monitoring device that was placed on the Defendant as a condition of his release on bond and identified the "monitoring agreement or contract" signed by the Defendant on June 24, 2016. She testified that when she was alerted on January 10, 2017, of the Defendant's failure to appear for his trial, she pulled up the satellite website she used to track the Defendant's movements and found that it showed he was still on his property. She then called the Defendant's wife, who informed her that she had not seen the Defendant since the previous morning and did not know where he was. The following day, the Defendant's wife brought the monitoring equipment to Ms. Goracke. On cross-examination, Ms. Goracke acknowledged that there was nothing in the monitoring agreement that stipulated the Defendant had to appear in court at any specific time.

Lieutenant Weatherly, over the objection of the Defendant,[3] made a positive courtroom identification of the Defendant as the man who failed to appear for his January 10, 2017 trial and for whom he had filed a detainer with the Furnas County, Nebraska Sheriff's Department. On cross-examination, he acknowledged that the Defendant had informed him "a time or two" that he was the ambassador of the Chilcotin Indian Nation.

After a great deal of argument and obviously purposeful delay,[4] the Defendant recalled Tipton County Court Clerk Mike Forbess, who testified that, to his knowledge, a preliminary hearing was not held in the case. The Defendant, testifying in his own defense, provided the jury with a lengthy speech about his educational, vocational, religious, and political background, including his having been made a tribal member in 2015 of the Tsilhqot'in Nation and appointed to the position of Associate Chief Justice and Ambassador. He also identified a number of documents that were admitted for identification purposes only, including his Tsilhqot'in identification card and a "Tsilhqot'in Nation's Letter of Appointment to Tribal Membership" authorizing the

---

[3] The Defendant objected to Lieutenant Weatherly's identification of him as the Defendant, arguing that the Defendant in the indictment was a corporation, whereas he was a live man.

[4] The Defendant failed to subpoena a number of witnesses he wanted to call. In addition, the court ruled that much of the testimony the Defendant wanted to present, including evidence of his alleged poor treatment at the jail, was irrelevant to the proceeding. The Defendant requested a continuance of the trial in order to obtain the testimony of "Chief Stanley Stump" of the Tsilhqot'in Nation, who, according to the Defendant, was busy fighting wildfires in British Columbia. The trial court denied the Defendant's motion to continue the trial. The Defendant also sought to call as a witness "the State of Tennessee," without listing any particular individual he wanted to testify on behalf of the State. The Defendant later argued that his right to confront his accuser was violated by the fact that the State of Tennessee was a corporation rather than an individual who could be called to testify in court.

Defendant and his family "to travel freely without interference, obstruction or restraint across borders as an Internationally Protected Person having full Diplomatic Immunity[.]"

The jury retired at 4:54 p.m. to deliberate and returned to the courtroom at 4:59 p.m. to announce its verdict of guilty. On September 1, 2017, the trial court sentenced the Defendant as a Range II, multiple offender to three years in the Department of Correction.

On October 23, 2017, the Defendant filed a "Notice" document he styled as "Demand as a Matter of Right, Transfer to the Article III Section 2 Constitutional Common Law Court of Original Jurisdiction in all cases Affecting Ambassadors for a New Trial or ORDER an Acquittal, Arrest of Judgment and Release From Confinement." On October 27, 2017, the trial court entered an order denying the motion for new trial on the basis that it was untimely. The court further found that, even if considered timely, none of the Defendant's issues would entitle him to relief.

On January 8, 2018, the trial court found that the Defendant was indigent and appointed appellate counsel. On January 9, 2018, the Defendant, acting pro se, filed "By Special Appearance Only," a document he styled as "Demand as a Matter of Right, Suspended Sentence and Void Judgment." Among other things, the Defendant argued that the trial court lacked jurisdiction over his person due to his diplomatic immunity and the fact that he was a live man rather than the indicted corporation; he was deprived of his Sixth Amendment right to counsel by the trial court's appointment of an attorney who withdrew due to a conflict of interest; and the trial court committed judicial misconduct, official oppression and fraud by a number of different actions, including signaling to the jury to return a guilty verdict in the Defendant's previous trial in another matter. That same day, the trial court entered an order denying the January 9, 2018 "Notice." On January 19, 2018, the Defendant, through his appellate counsel, filed a notice of appeal.

## ANALYSIS

The Defendant raises on appeal the two issues he harped on throughout his trial and his pre- and post-trial motions, which are whether the trial court lacked jurisdiction over his person because: (1) the indictment's listing of his name in all capital letters denotes a corporation rather than the live man and; (2) he is entitled to diplomatic immunity due to his status as an ambassador of the Tsilhqot'in Nation, Country of Chilcotin. The State argues that the Defendant has waived his appeal by not filing a timely notice of appeal of the trial court's October 27, 2017 order overruling his motion for new trial.

- 4 -

The trial court entered its sentencing order on September 1, 2017. "A motion for a new trial shall be in writing or, if made orally in open court, be reduced to writing, within thirty days of the date the order of sentence is entered." Tenn. R. Crim. P. 33(b). The thirty-day period for filing a motion for new trial "is jurisdictional and cannot be expanded." State v. Hatcher, 310 S.W.3d 788, 800 (Tenn. 2010). As such, "[a] trial judge does not have jurisdiction to hear and determine the merits of a motion for a new trial which has not been timely filed." State v. Bough, 152 S.W.3d 453, 460 (Tenn. 2004).

Despite being advised that he had thirty days from his September 1, 2017 sentencing date to file his motion for new trial, the Defendant did not file his "Demand as a Matter of Right . . . for a New Trial . . ." until October 23, 2017. The trial court, therefore, correctly found that the motion for new trial was untimely. The failure to timely file a motion for new trial results in the waiver of all issues except for sufficiency of the evidence and sentencing. See id.; see also Tenn. R. App. P. 3(e) (stating that "no issue presented for review shall be predicated upon error in the admission or exclusion of evidence . . . unless the same was specifically stated in a motion for a new trial").

A notice of appeal must be filed "within [thirty] days after the date of entry of the judgment appealed from[.]" Tenn. R. App. P. 4(a). A timely motion for new trial tolls the thirty-day time period for filing a notice of appeal until the trial court enters its order ruling on the motion. Tenn. R. App. P. 4(c). However, an untimely motion for new trial does not. State v. Davis, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987). Although this court may, in the interest of justice, waive an untimely notice of appeal, see Tenn. R. App. P. 4(a), we have no authority to waive the untimely filing of a motion for new trial. See State v. Stephens, 264 S.W.3d 719, 728 (Tenn. Crim. App. 2007).

The Defendant's issues on appeal do not concern the sufficiency of the evidence or sentencing, the only two issues that we may consider in the absence of a timely-filed motion for new trial. Even if the Defendant's motion for new trial had been timely, the issues the Defendant raises are frivolous ones that would not merit our waiver of the untimely notice of appeal. Accordingly, we conclude that the Defendant has waived his issues and that the appeal should be dismissed.

## CONCLUSION

Based on the foregoing authorities and reasoning, we dismiss the appeal.

_____
ALAN E. GLENN, JUDGE